William Hovsepyan (SBN 232483)
Law Office of William Hovsepyan
450 North Brand Boulevard, Suite 600
Glendale, CA 91203
Telephone: 818-946-2497
Email: william@whdefenselaw.com
Attorney for Defendant
Jesus Gonzalez-Hernandez, Jr.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>    v.<br><br>JESUS GONZALEZ-HERNANDEZ, JR.<br><br>        Defendants. | Case No. 2:26-cr-00731-JFW-5<br><br>**DEFENDANT JESUS GONZALEZ-HERNANDEZ'S SENTENCING POSITION; EXHIBIT A IN SUPPORT**<br><br>**SENTENCING DATE: JULY 20, 2026**<br>**COURTROOM: 7A**<br>**TIME: 8:00 a.m.** |

TO THE HONORABLE JUDGE JOHN F. WALTER AND ASSISTANT UNITED STATES ATTORNEYS LANA OWENS, JENNA LONG, AND SEBASTIEN BELLIM:

Defense counsel, William Hovsepyan, on behalf of Jesus Gonzalez-Hernandez, hereby submits Defendant Jesus Gonzalez-Hernandez's Sentencing Position.

The position paper is based on the attached memorandum of points and authorities, all files and records in this case and any further information, evidence, or argument that may be present at the hearing.

Dated: July 8, 2026                    Respectfully submitted,


                                       */s/ William Hovsepyan*
                                       William Hovsepyan
                                       Attorney for Jesus Gonzalez-Hernandez, Jr.

1

## **TABLE OF CONTENTS**

I.     INTRODUCTION……………………………………………………………………4

II.    JESUS' LETTER OF APOLOGY………………………………………………...2

III.   JESUS' PUNISHMENT IN STATE COURT…………………………………….5

IV.    JESUS HAS NO PRIOR CRIMINAL HISTORY……………………………...6

V.     THE GOALS OF SENTENCING FAVOR A NON-CUSTODIAL
       PROBATIONARY SENTENCE………………………………………………….6

VI.    CONCLUSION…………………………………………………………………7

## **TABLE OF AUTHORITIES**

### **Statutes and Codes**

18 U.S.C. § 3553(a)…………………………………………………………………………5, 7

Cal. Penal Code § 245(c)……………………………………………………………………..5

Cal. Penal Code § 409……………………………………………………………………..5

Cal. Penal Code § 1192.7(c)(11)……………………………………………………..5, fn 1

Cal. Penal Code § 667(e)(1)……………………………………………………….6, fn 2

Cal. Penal Code § 667(c)(2)……………………………………………………….6, fn 3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUTION

Jesus Gonzalez-Hernandez, Jr. ("Jesus") takes full responsibility for his actions and is very apologetic to the CHP Officers involved in the June 8, 2025, incident.  He understands that there are consequences for his actions, which not only affect his life, but the lives of others.  He understands that his actions could have put the Officers, the public and himself in danger.  He has learned from his mistakes and is committed to making better choices in his life and becoming a better person.

Jesus has been punished once already for this same conduct.  In state court, Jesus faced nine felony counts of assault with a deadly weapon or instrument on peace officers and one misdemeanor count of remaining at a place of riot when ordered to disperse.  After spending 60 actual days in jail, he was convicted of one felony count of assault on a peace officer, which is a strike, and one misdemeanor count of assault on a peace officer.  He was sentenced to five years state prison, and the execution of that sentence is suspended.  He was placed on three years of formal (supervised) probation and one year of summary probation.  The strike conviction will remain on his record and if he violates any terms of his probation, he will be sentenced to five years in state prison.

However, since his release from the state case and from detention on this case, he has been out of trouble, working and supporting his mother.  He lives in Las Vegas but returns to Los Angeles once a month to check in with his probation officer and to visit family.  He has made the same trip a few times to attend court dates in this matter.

Taking into consideration all the factors in this matter, a sentence of three years probation with the agreed upon conditions is just and appropriate, which meets the goals of sentencing under 18 U.S.C. § 3553(a) and considers the intent of the parties in the plea negotiations for a non-custodial sentence.

## II.     JESUS' LETTER OF APOLOGY IS SINCERE AND REFLECTIVE

Jesus is apologetic and takes full responsibility for his actions.  (Exh. A, Jesus' Letter of Apology.)  He understands that with his actions he put the officers, the public and himself in danger.  After some reflection, he understands that his actions have consequences not only to his life but the lives of others.  He acknowledges that this has been one of the hardest experiences of his life, but he is grateful for the opportunity to learn from and be able to move forward with his life.  He is committed to obeying the law, making responsible decisions, pursuing trade school, working and making his family proud.  But most importantly, he understands the dangerous position he placed the CHP officers in while they were performing already a dangerous job.  He apologizes to the officers and this Court for his misguided actions.

## III.     JESUS' PUNISHMENT IN STATE COURT

In state court, Jesus was charged with nine felony counts of Penal Code section 245(c), assault with a deadly weapon or instrument on peace officers and one misdemeanor count of section 409, remaining at a place of riot after a lawful order to disperse.  (Exh. B, Felony Complaint in case 25CFCF03641.)  Section 245(c) is considered a strike under California's strike laws.[1]

After spending 60 days in county jail, Jesus accepted responsibility by pleading guilty to one felony count of assault with a deadly weapon or instrument on a peace offer and one misdemeanor count of assault on a peace officer.  He was sentenced to five years state prison, but execution of that sentence was suspended.  He was given credit time served and placed on formal felony probation for 3 years for the felony count and one year of summary probation for the misdemeanor count.  The plea agreement includes the possibility of dismissing the felony count five years after the plea, assuming Jesus does not violate the terms of his probation.  (Exh. C, Minute Orders from 7.18.25 and 8.20.25,

---

[1] California Penal Code section 1197.2(c)(11)

*People v. Gonzalez-Hernandez*, 25CJCF03641-01; Exh. D, Felony Plea Transcript 7.18.25, *People v. Gonzalez-Hernandez*, 25CJCF03641-01.)

Not only does Jesus have a felony conviction on his record, but he has a strike as well. This means that if in the future he is charged with another felony, he is looking at double the sentence and custody credits limited to 20% instead of the typical 50%.[2] Additionally, Jesus will not be eligible for probation in the future if he is convicted of another felony offense.[3] As part of his plea, Jesus is on formal probation to the Los Angeles County Probation Department and must report once a month. He lives in Las Vegas, Nevada, but each month returns to Los Angeles to check in with his probation officer. Finally, he has five years of state prison suspended, which means it will be imposed if he violates any terms of his probation. Jesus has received a very serious punishment for the same conduct. Therefore, we respectfully ask the court to take this into account as a mitigating factor for the requested non-custodial sentence.

## IV.    JESUS HAS NO CRIMINAL HISTORY

Prior to this incident, Jesus did not have any prior convictions. Therefore, he has a criminal history of zero placing him in a criminal history category of I. (PSR, p. 12.) This lack of any criminal history is another mitigating factor in support of the requested non-custodial sentence.

## V.    THE GOALS OF SENTENCING FAVOR A NON-CUSTODIAL PROBATIONARY SENTENCE

### a. Seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense

As stated in his letter of apology, Jesus has been reflecting on his actions, which has changed his perspective on life and made him realize that his actions can have

---

[2] California Penal Code section 667(e)(1)
[3] California Penal Code section 667(c)(2)

serious, dangerous consequences not only to him but others around him. He understands how dangerous his actions were towards the CHP Officers and apologizes to them for placing them in such a position. This reflection has led him to become more respectful to the law and to make better, responsible decisions.

Not only has Jesus been significantly punished in state court, but he has been punished because of the loss of jobs and income. Prior to this incident, Jesus was working as an armed security officer earning $22 to $26 an hour, but because of his conviction in state court he was fired from those jobs and can only earn $19 an hour at his current unarmed security job. (PSR, p. 14-15.)

For the reasons stated above, a non-custodial probation sentence will provide just punishment for the offense and meet the goal of sentencing under 18 U.S.C. § 3553(a).

### b. To afford adequate deterrence to criminal conduct

Jesus was convicted and released from state custody on August 20, 2025. He has been supervised by LA County Probation since that date. He was detained for a short period by the federal government but was released on his own recognizance. Since his sentence and release last year, Jesus has not been involved in any other criminal activity. He has been reporting to his probation. He has been working and taking care of his mother. As part of the agreed sentence in this case, he will be supervised for another three years by two agencies and not one. Jesus has demonstrated that the non-custodial probationary sentence in this case will be an adequate deterrence to any future criminal conduct as contemplated by 18 U.S.C. § 3553(a)(2)B).

### c. To protect the public from further crimes of the defendant

For the same reasons stated above, Jesus has demonstrated that the non-custodial probationary sentence will be adequate to protect the public from further crimes committed by him.

## VI.   CONCLUSION

For all the aforementioned reasons, we respectfully as the Court to sentence Jesus to three years probation.


Dated: July 8, 2026                    Respectfully submitted,


                                       */s/ William Hovsepyan*
                                       William Hovsepyan
                                       Attorney for Jesus Gonzalez-Hernandez, Jr.